# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MFC TWIN BUILDERS, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>HENRY DOLOSO FAJARDO; JK DENTAL CLINIC; and DOES 1-10, inclusive,<br><br>            Defendants.<br>_____/ | CASE NO. 1:12-cv-00219-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT:**<br><br>**PLAINTIFF'S MOTION FOR REMAND BE GRANTED**<br><br>(Doc. 6)<br><br>**PLAINTIFF'S REQUEST FOR ENTRY OF DEFENDANTS' DEFAULTS BE GRANTED**<br><br>(Doc. 9) |

## I. INTRODUCTION

This matter was removed from the Fresno County Superior Court to the U.S. District Court for the Eastern District of California on February 14, 2012, by Defendants Henry Doloso Fajardo ("Fajardo") and JK Dental Clinic (collectively, "Defendants"). On March 14, 2012, Plaintiff MFC Twin Builders, LLC ("Plaintiff") filed a motion to remand the case to state court. (Doc. 6.) On March 14, 2012, Plaintiff also filed a request that the Court enter the defaults of Defendants Fajardo and JK Dental Clinic. (Doc. 9.) On April 10, 2012, Plaintiff filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. 12.)

For the reasons set forth below, the Court RECOMMENDS that the defaults of Defendant Fajardo and JK Dental Clinic be ENTERED and that Plaintiff's motion for remand be GRANTED.

## II.   BACKGROUND

On February 6, 2012, Plaintiff filed a verified complaint asserting a claim for unlawful detainer against Defendants Fajardo and JK Dental Clinic. (Doc. 1, p. 10-16.) The complaint alleges that, on December 12, 2008, Fajardo executed a "Construction Collateral Deed of Trust" conveying the property located at 2100 E. Clinton Avenue, Fresno, California (the "Property") to secure payment of a promissory note made by JP Unlimited LLC ("JP") in the amount of $1,300,000.00, payable to Metro Funding Corporation ("Metro"). (Doc. 1, p. 11, ¶ 7.) The Construction Collateral Deed of Trust ("deed of trust") indicates that JP is a California limited liability company that entered into a loan agreement with Metro in the amount of $1,300,000.00. (Doc. 1, p. 22; *see also* Doc. 18-1, p. 14.) Pursuant to the Construction Collateral Deed of Trust, Fajardo agreed to guaranty that loan by pledging the Property. (Doc. 1, p. 21-54; *see also* Doc. 18-1, p. 14.) An assignment of the deed of trust was made by Metro to MFC Funding, LLC, which was recorded on December 15, 2008. (Doc. 1, p. 11, ¶ 8.)

JP defaulted in payment of the note and, on January 26, 2010, a notice of default and an election to sell under the deed of trust was recorded. (Doc. 1, p. 12, ¶ 9.) On February 14, 2011, Metro assigned its interests in the deed of trust to MFC Funding, LLC. (Doc. 1, p. 12, ¶ 10.) On February 15, 2011, MFC Funding, LLC, assigned its interests under the deed of trust to MFC Real Estate, LLC. (Doc. 1, p. 12, ¶ 11.) On March 23, 2011, notice was given that the Property was to be sold at public auction on April 20, 2011. (Doc. 1, p. 12, ¶ 12.)

On April 19, 2011, Fajardo filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy Court"). (Doc. 1, p. 12-13, ¶ 13.) The April 20, 2011, trustee's sale was postponed until June 1, 2011. (Doc. 1, p. 13, ¶ 14.) On May 25, 2011, the Bankruptcy Court issued an order dismissing Fajardo's bankruptcy petition. (Doc. 1, p. 13, ¶ 15.) On May 31, 2011, Fajardo filed another Chapter 11 bankruptcy petition. (Doc. 1, p. 13, ¶ 16.) The trustee's sale scheduled for June 1, 2011, was postponed twice and renoticed for August 24, 2011. (Doc. 1, p. 13, ¶¶ 17-18.)

On July 28, 2011, the Bankruptcy Court entered an order granting MFC Real Estate, LLC relief from the automatic stay relating to Fajardo's bankruptcy petition. (Doc. 1, p. 13, ¶ 19.) In granting relief from the automatic stay, the Bankruptcy Court found that the filing of the bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that involved multiple bankruptcy filings affecting the Property. (Doc. 1, p. 13, ¶ 19; *see also*, Doc. 18-4, p. 5.)

On August 15, 2011, MFC Real Estate, LLC assigned its interest under the deed of trust to Plaintiff. (Doc. 1, p. 84, Exhibit I; *see also* Doc. 18-4, p. 9) On August 24, 2011, the Property was sold to Plaintiff at the trustee's sale. (Doc. 1, p. 13, ¶ 20.) Plaintiff alleged that, at the time of the sale, Defendants, who were not tenants, but instead the prior owners of the Property, were in possession of the Property and have remained in possession after that sale. (Doc. 1, p. 14, ¶ 22.)

On October 28, 2011, Plaintiff served on Defendants a written Notice to Quit the premises. (Doc. 1, p. 14, ¶ 24.) Defendants failed to comply with the Notice to Quit, which provided Defendants until November 1, 2011, to vacate the Property. (Doc. 1, p. 14, ¶ 24.) On that same day, Fajardo filed a new Chapter 13 bankruptcy petition in the Bankruptcy Court. (Doc. 1, p. 14, ¶ 25.) On December 16, 2011, the Bankruptcy Court issued an order confirming that the automatic stay was not in effect as to Fajardo's third Chapter 13 bankruptcy petition. (Doc. 1, p. 14, ¶ 26.)

On February 5, 2012, Plaintiff filed an unlawful detainer action in Fresno County Superior Court against Defendants seeking the reasonable rental value of the Property since August 26, 2011. The caption of the complaint indicates that the amount prayed for does not exceed $25,000, and the matter is designated as a limited-jurisdiction civil case because the amount in controversy does not exceed $25,000. (Doc. 1, p. 10.)

No response to Plaintiff's complaint was filed in state court. (*See* Doc. 9-1, ¶ 3.) On February 14, 2012, a Notice of Removal was filed on behalf of Defendants Farjardo and JK Dental Clinic. (Doc. 1.) Following removal, no response to the complaint was filed in federal court by either Defendant. On March 14, 2012, Plaintiff filed a motion to remand and also requested that defaults of both Defendants be entered. (Docs. 6, 9.) On April 10, 2012, Plaintiff filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. 12.) On April 18,

2012, Defendant Fajardo filed an opposition to the motion to remand. (Doc. 14.) No opposition to Plaintiff's Rule 11 motion was filed.

### III. DISCUSSION

**A. Plaintiff's Requests for Judicial Notice Should be Granted**

Plaintiff filed two separate requests for judicial notice pursuant to Federal Rule of Evidence 201. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1)-(2).

Judicially noticed facts often consist of matters of public record, such as prior court proceedings. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1198 (9th Cir. 1988) (administrative materials); *Barron v. Reich*, 13 F. 3d 1370, 1377 (9th Cir. 1994) (city ordinances); *Toney v. Burris*, 829 F. 2d 622, 626-27 (7th Cir. 1987) (geological surveys and existing land use maps); and *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record).

**1. Plaintiff's First Request for Judicial Notice Should be Granted**

Plaintiff requests that the Court take judicial notice of the following documents:

(A) A May 25, 2011, order of the U.S. Bankruptcy Court for the Eastern District of California dismissing Henry D. Fajardo's Chapter 11 bankruptcy petition in Case No. 11-14536 (Doc. 8-1, Exhibit A);

(B) A September 23, 2011, order of the U.S. Bankruptcy Court for the Eastern District of California dismissing Henry D. Fajardo's Chapter 7 bankruptcy petition in Case No. 11-16246 (Doc. 8-1, Exhibit B);

(C) A January 22, 2012, Civil Minute Order of the U.S. Bankruptcy Court for the Eastern District of California dismissing Henry D. Fajardo's Chapter 13 bankruptcy petition filed in Case No. 11-61832 (Doc. 8-1, Exhibit C);

(D) A January 27, 2011, notice of dismissal filed in the U.S. District Court for the Central District of California in Case No. 10-cv-8821 (Doc. 8-2, Exhibit D);

(E) A January 3, 2012, notice and request for dismissal filed in the San Bernardino County Superior Court in Case No. CIVVS1103404 (Doc. 8-2, Exhibit E);

(F) A March 1, 2012, order of the U.S. Bankruptcy Court for the Eastern District of California dismissing an adversary proceeding entitled Fajardo et al. v. Metro Funding Corp., et al in Case No. 11-61832-B-13 (Doc. 8-2, Exhibit F); and

4

      (G)      A complaint filed by Henry D. Fajardo in the U.S. District Court for the Eastern District of California on March 1, 2012, designated as Case No. 12-cv-00217-AWI-DLB (Doc. 8-3, Exhibit G).

Plaintiff's request for judicial notice is unopposed. A court may take judicial notice of court records in another case. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). A federal court may also take judicial notice of orders made in a state court proceeding. *See Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003). Exhibits A, B, C, and F are all court orders that are subject to judicial notice, but the facts contained in those orders are not subject to judicial notice, particularly to the extent they are disputed. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (although a court may take judicial notice of another court's opinion, "it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

As it relates to Exhibits D, E, and G, which are documents filed by various parties in this and other district courts, the Court may take judicial notice that the documents were filed and the date on which they were filed, but may not take judicial notice of any facts set forth in the documents themselves. *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").

**2.    Plaintiff's Supplemental Request for Judicial Notice Should be Granted**

Plaintiff's second request asks the Court to take judicial notice of the verified complaint filed by Plaintiff in this action (Doc. 18-1, 18-2, 18-3, 18-4, Exhibit A) and the amended proofs of service as to Henry Doloso Fajardo (Doc. 18-5, Exhibit B) and JK Dental Clinic (Doc. 18-6, Exhibit C.) This supplemental request for judicial notice is also unopposed by Defendants.

Plaintiff's verified complaint is already contained in the record as it is attached to Defendants' Notice of Removal. (*See* Doc. 1.) While there is little need to take judicial notice of the verified complaint which has already been filed on the Court's docket, the existence and authenticity of the document may nonetheless be judicially noticed. To the extent that the contents of the verified complaint are in dispute, the allegations contained therein are not an appropriate subject for judicial

notice. *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) ("Judicial Notice is taken of the existence and authenticity of the public and quasi public documents listed.  To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice.").  Thus, to the extent that Plaintiff is requesting the Court to judicially notice the existence and authenticity of the verified complaint, that request should be granted.

The authenticity and existence of the amended proofs of service are also subject to judicial notice because they are documents filed on February 22, 2012, in this case while it was pending before the Fresno County Superior Court.  These amended proofs of service may be judicially noticed.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); *Holt v. City of San Jose*, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).  Accordingly, Plaintiff's supplemental request for judicial notice should be granted, as set forth above.

**B.      Plaintiff's Request for Entry of Defendants' Defaults Should Be Granted**

On March 14, 2012, Plaintiff filed a request for entry of default against Defendants. (Doc. 9.)  Plaintiff asserts that it effected service of process on Defendants on February 7, 2012, by delivering the summons and the complaint to Defendants' principal place of business located at 2100 East Clinton Avenue in Fresno, California.  (Doc. 9, 2:1-3; *see also* Doc. 18-5 (Exhibit B) and 18-6 (Exhibit C).)  Prior to filing a responsive pleading to Plaintiff's complaint in state court, Defendants removed the state court action to this Court.  Plaintiff asserts that, pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, Defendants were required to serve Plaintiff with an answer or otherwise respond to the complaint on or before February 28, 2012.  As Defendants failed to respond to the complaint, Plaintiff seeks the entry of their defaults.

Rule 81(c) provides that a defendant who did not answer before removal must answer or present other defenses or objections within the longest of these periods:

(A)  21 days after receiving – through service or otherwise – a copy of the initial pleading stating the claim for relief;

(B)  21 days after being served with the summons for an initial pleading on file at the time of service; or

(C)  7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2)(A)-(C). Here, service of the complaint was effected on February 7, 2012, and the complaint was removed by Defendants on February 14, 2012. No response to the complaint was filed by Defendants prior to removal. Thus, the longest period under Rule 81 for Defendants to respond to the complaint is 21 days after service of the complaint pursuant to Rule 81(c)(2)(B) – i.e., February 28, 2012. As no response to the complaint was filed, it is recommended that Defendants' defaults be entered.

**C.   Plaintiff's Motion for Remand Should Be Granted**

   **1.   Legal Standard**

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009), *cert. denied*, 131 S.Ct. 65 (2010). The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).

7

**2.    No Federal Question Jurisdiction Pursuant to Title 28 U.S.C. Section 1331**

Defendants' Removal Notice provides a copy of the complaint that is the subject of this removal. (Doc. 1, p. 10-16.) The complaint contains a single claim for unlawful detainer. (Doc. 1, p. 10-16.) The Notice of Removal indicates that federal subject matter jurisdiction arises because Plaintiff's unlawful detainer complaint is related to federal litigation Defendants filed in this District. Defendants assert that Plaintiff's unlawful detainer complaint and Defendants' federal complaint are related because both cases involve claims to title and possession of the same property – i.e., 2100 Clinton Avenue, Fresno, California. (Doc. 1, p. 3, ¶ 8.)

Plaintiff's motion to remand asserts that federal subject matter jurisdiction over *this case* cannot be predicated on its relation to *another* case pending in federal court. (Doc. 7, 9:8-27.) Plaintiff cites *Wadhwa v. Aurora Loan Servs., LLC*, 2:10-cv-03361-WBS-DAD, 2011 WL 308416, at *1 (E.D. Cal. Jan. 27, 2011), asserting that such a basis for removal has been rejected by other courts. In opposition to Plaintiff's motion to remand, Defendants offer no argument on this issue. Rather, Defendants assert that jurisdiction is predicated on diversity of citizenship.[1]

Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law. "An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) (citing *Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF (SSx), 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010)).

As explained by the Court in *Wadhwa*, attempting to remove an unlawful detainer case because it is related to another pending federal action is "completely improper." *Wadhwa*, 2011 WL 308416, at * 1. In *Wadhwa*, the defendants removed an unlawful detainer case pending against them

---

[1] Setting aside the fact that a removing defendant may not amend its notice of removal to raise an additional basis for subject matter jurisdiction after the expiration of the 30-day period, *see ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000)), as discussed below, diversity jurisdiction is precluded because Defendants are citizens of California.

8

in state court. The defendants attempted to assert federal subject-matter jurisdiction on the ground that the defendants had filed an action in federal court related to the property that was the subject of the unlawful detainer action they were attempting to remove. *Id.* The Court rejected this as a basis for federal subject matter jurisdiction noting that, "[t]he two actions are distinct" and a "party cannot remove one action into [] another preexisting action." *Id.* The same is true here. The Court's jurisdiction over Plaintiff's unlawful detainer action rises or falls on the basis of what is pled in Plaintiff's complaint, not its relationship to another federal case. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983) (the availability of removal is limited by the well-pleaded complaint rule, which permits removal only when a federal question is presented on the face of a properly pleaded complaint).

Moreover, to the extent Defendants assert that federal question jurisdiction is appropriate based on defenses to the unlawful detainer that are related to federal law, this also fails to establish federal subject-matter jurisdiction. "[A] claim 'arises under' federal law for purposes of federal question jurisdiction on the basis of a well-pleaded complaint, not from anticipation of possible affirmative defenses." *Effects Associates, Inc. v. Cohen*, 817 F.2d 72, 73 (9th Cir. 1987) (citing *Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908) (plaintiff may not invoke original federal jurisdiction by anticipating a defense raising a federal question)). Therefore, there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331.

   **3. No Diversity Jurisdiction Pursuant to Title 28 U.S.C. Section 1332**

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The complaint was filed as a limited civil case and does not allege damages in excess of $75,000. Rather, the caption of the complaint expressly states that the amount demanded does not exceed $25,000. (Doc. 1, p. 14.) *See* 28 U.S.C. § 1446(c)(2) ("sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . .").

"A defendant 'bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.'" *Fed. Home Loan Mortg. Corp. v. Herrera*, No. CV F 12–0403 LJO MJS, 2012 WL 948412, at *2 (E.D. Cal. Mar. 20, 2012) (citing *Sanchez v. Monumental Life Ins.*,

9

102 F.3d 398, 403 (9th Cir.1996)). Here, Defendants do not establish that the amount in controversy exceeds $75,000 and fail to submit any evidence to meet their burden. (*See* Doc. 1.) Further, courts have found "that the amount in controversy was not satisfied where a defendant sought to remove an unlawful detainer action from a state court of limited jurisdiction." *See U.S. Bank Nat'l Ass'n v. Bravo*, No. CV 08-7736-GW(RCx), 2009 WL 210481 at *2 (C.D. Cal. Jan. 23, 2009). As such, the amount in controversy is less than the jurisdictional minimum required for purposes of diversity jurisdiction.

Additionally, under Title 28 U.S.C. Section 1441(b), when an action is founded on diversity, such action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendants assert they are citizens of California. (Doc. 14, 3:1-3.) As such, Defendants' California citizenship negates removal jurisdiction based on diversity. 28 U.S.C. § 1441(b)(2).

Accordingly, Defendants' Removal Notice provides no actual basis for federal jurisdiction and Plaintiff's motion to remand should be granted.

**D.    Plaintiff's Request for Attorneys' Fees and Plaintiff's Motion for Sanctions**

Plaintiff has requested that the Court award Plaintiff its attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) in connection with filing the motion to remand the action. Plaintiff has also filed a motion for Rule 11 sanctions against Defendants' counsel in connection with Defendants' attempt to remove this matter to federal court. The issue of attorneys' fees, costs, and sanctions will be addressed in a separate order, as each are collateral matters over which the Court retains jurisdiction even though divested of jurisdiction over the merits of the case. *Rutledge v. Seyfarth, Saw, Fairweather & Geraldson*, 201 F.3d 1212, 1215 (9th Cir. 2000), *as modified*, 208 F.3d 1170 (9th Cir. 2000); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d, 443, 445 (9th Cir. 1992).

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, it is RECOMMENDED that:

1. Plaintiff's requests for judicial notice be GRANTED;
2. Defendants' defaults be ENTERED; and
3. Plaintiff's motion to remand be GRANTED.

Finally, although not theoretically impossible, the Court cannot conceive of any reasonable objection to remanding this matter, particularly in light of Defendants' scant opposition to Plaintiff's motion to remand.  **Thus, only a short objection and response period is warranted so that this matter may proceed without further delay.**

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **On or before Monday, May 14, 2012**, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  A response to any objections may be filed **on or before Thursday, May 17, 2012.**  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 9, 2012**                                    /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE