# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MFC TWIN BUILDERS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HERNY DOLOSO FAJARDO;<br>J K DENTAL CLINIC; and<br>DOES 1-10, inclusive,<br><br>　　　　　Defendants. | 1:12-cv-00219-AWI-SKO<br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS IN<br>PART AND DENYING<br>REQUEST FOR TEMPORARY<br>RESTRAINING ORDER<br><br>(Docs. 20, 22) |

## I. FACTS AND PROCEDURAL BACKGROUND

On February 5, 2012, plaintiff MFC Twin Builders, LLC ("MFC") filed its complaint in Fresno County Superior Court against defendants Henry Doloso Fajardo ("Fajardo"), J K Dental Clinic ("Clinic") and Does 1 through 10, inclusive, asserting one cause of action for unlawful detainer of real property located at 2100 E. Clinton Avenue, Fresno, California 93703. On February 14, 2012, Fajardo and Clinic removed the action to this Court pursuant to 28 U.S.C. § 1441(b).

On March 14, 2012, MFC filed a motion to remand the action to state court pursuant to 28 U.S.C. § 1447(c), contending removal was improper because the Court lacked jurisdiction to hear the action in the absence of a federal question or complete diversity of citizenship between the

parties. On March 14, 2012, MFC also filed a request for entry of default against Fajardo and Clinic on ground the defendants failed to serve an answer or otherwise respond to MFC's unlawful detainer complaint within the time prescribed by Federal Rule of Civil Procedure 81(c). In conjunction with the motion to remand and request for entry of default, MFC filed two separate requests for judicial notice pursuant to Federal Rule of Evidence 201. On April 18, 2012, Fajardo filed his opposition to MFC's motion to remand. MFC filed its reply to Fajardo's opposition on April 25, 2012.

On May 9, 2012, the Magistrate Judge issued findings and recommendations (F&Rs) recommending MFC's requests for judicial notice be granted, the defendants' defaults entered and MFC's unlawful detainer action remanded to state court. On May 14, 2012, Fajardo filed objections to the Magistrate Judge's F&Rs. On May 17, 2012, Fajardo and Clinic filed an ex parte "motion to reconsider" the Magistrate Judge's F&Rs and requested a temporary restraining order staying MFC's unlawful detainer action. On May 17, 2012, MFC filed its reply to Fajardo's objections.

## II. LEGAL STANDARD

As to a magistrate judge's findings and recommendations, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations[.]" 28 U.S.C. § 636(b)(1). The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

## III. DISCUSSION

The Court has conducted a de novo of the case in accordance with the provisions of 28 U.S.C. § 636(b)(1) and Local Rule 305. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court first finds the Magistrate Judge's recommendation that

2

1  MFC's two requests for judicial notice be granted to be supported by the record and proper analysis.
2  The Court notes defendants did not oppose the requests, nor did they contest the veracity of the
3  documents at issue.  The defendants also presented no argument or evidence in their objections or
4  motion for reconsideration to suggest the documents were not proper subjects of judicial notice.

5       The Court further finds the Magistrate Judge's recommendation that MFC's unlawful
6  detainer action be remanded to state court to be supported by the record and proper analysis.  In the
7  objections and motion for reconsideration, Fajardo contends remand should be denied because he
8  filed an action in this Court to quiet title to the Clinton Avenue property, mandating the unlawful
9  detainer action also be adjudicated in the same forum.  Fajardo has provided no authority – and the
10 Court's research reveals no authority – to support this proposition.  The Court notes that on February
11 24, 2012, Fajardo and several other plaintiffs filed a complaint in the Eastern District (case no. 1:12-
12 cv-00217-AWI-DLB) against MFC and various defendants to litigate title to the Clinton Avenue
13 property.  Problematically for Fajardo, the filing of an action to litigate title to real property does not
14 by itself confer jurisdiction over a separate action to litigate possession of said property.

15      As the parties who sought removal to federal court, the defendants "bear[ ] the burden of
16 actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Sanchez v.*
17 *Monumental Life Ins.,* 102 F.3d 398, 403 (9th Cir. 1996) (citing *Gaus v. Miles,* 980 F.2d 564, 566-67
18 (9th Cir. 1992)).  The Magistrate Judge correctly found the Court lacked jurisdiction to entertain the
19 unlawful detainer action under the federal question doctrine because such an action arises solely
20 under state law.  *See Deutsche Bank Nat'l Trust Co v. Solih Jora,* slip copy, 2010 WL 3943584
21 (E.D.Cal. October 1, 2010), at *1; *see also Galileo Fin. v. Miin Sun Park,* 2009 WL 3157411
22 (C.D.Cal. Sept. 24, 2009), at *1 ("Here, the complaint only asserts a claim for unlawful detainer, a
23 cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear
24 that no basis for federal question jurisdiction exists").  The Magistrate Judge also correctly found
25 no diversity of citizenship between the parties.  For diversity to exist, the amount in controversy must
26 "exceed[ ] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a).  The

27
28      3

unlawful detainer action was filed in state court as a limited jurisdiction action, with an amount in controversy not to exceed $25,000. Accordingly, the recommendation to remand was proper.

Because the Court intends to remand, it lacks authority to issue the temporary restraining order requested by Fajardo and Clinic. Fajardo and Clinic would effectively be asking the Court to stay the state unlawful detainer proceedings. Under the Anti-Injunction Act (AIA), "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The AIA "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Fajardo and Clinic have provided no authority – and the Court's research reveals no authority – to suggest an exception would apply here.

In the Court's view, the exceptions would be plainly *inapplicable*. First, Fajardo and Clinic have not pointed to any judgments of the Court requiring protection from state court proceedings. Second, "an injunction against the unlawful detainer action is not necessary to aid this court's jurisdiction." *Scherbenske v. Wachovia Mortgage, FSB,* 626 F.Supp.2d 1052, 1059 (E.D.Cal. 2009) (citing *Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623, 641, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977)). "Courts have applied this second exception in only two scenarios: where the case is removed from the state court, and where the federal court acquires in rem or quasi in rem jurisdiction over a case involving real property before the state court does." *Martingale LLC v. City of Louisville,* 361 F.3d 297, 302 (6th Cir. 2004). After remand, neither scenario would be present here. A party to an action litigating possession of real property does not implicate this exception simply by filing, as here, an action to litigate title to said property in federal court. *See Carrasco v. HSBC Bank USA, N.A.,* slip copy, 2012 WL 646251 (N.D.Cal. 2012), at *3-*4. Third, the Court notes "[t]here is no federal statute authorizing a district court to enjoin a state unlawful detainer action." *Scherbenske, supra,* at p. 1059. Thus, Fajardo's and Clinic's request for a temporary restraining order must be denied.

4

As a final matter, the Court respectfully declines to adopt the Magistrate Judge's recommendation Fajardo's and Clinic's defaults be entered in the unlawful detainer action. Because the Court lacks subject matter jurisdiction to hear the case, it lacks jurisdiction to enter a default. *See Oldfield v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210, 1216 n. 13 (11th Cir. 2009).

## IV. DISPOSITION

Based on the foregoing, it is hereby ORDERED that:

1. The Findings and Recommendation issued May 9, 2012 are ADOPTED IN PART;
2. MFC's requests for judicial notice are GRANTED;
3. MFC's motion to remand is GRANTED and the action is ORDERED to be REMANDED to Fresno County Superior Court; and
4. Fajardo's and Clinic's motion for reconsideration and request for a temporary restraining order are both DENIED.

IT IS SO ORDERED.

Dated:   May 25, 2012

CHIEF UNITED STATES DISTRICT JUDGE

5