# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MFC TWIN BUILDERS, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>HENRY DOLOSO FAJARDO; JK DENTAL CLINIC; and DOES 1-10, inclusive,<br><br>            Defendants.<br>_____/ | CASE NO. 1:12-cv-00219-AWI-SKO<br><br>**ORDER PERMITTING FILING OF SUPPLEMENTAL INFORMATION** |

## I. INTRODUCTION

Presently pending before the Court are Plaintiff's motions for an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) and for sanctions pursuant to Federal Rule of Civil Procedure Rule 11. This removal action was remanded to state court on May 29, 2012, for lack of subject matter jurisdiction; in recommending remand to the district court, it was noted that separate Findings and Recommendations would issue on Plaintiff's motions for attorneys' fees and sanctions. *Moore v. Permanente Medical Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ("[I]it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.").

## II.  DISCUSSION

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (2005).

Here, Plaintiff has not provided sufficient information to assess its request for attorneys' fees under Section 1447(c) such that appropriate Findings and Recommendations may be issued to the district court.  Specifically, while Plaintiff's counsel has provided a declaration setting forth the rates requested, there is no evidence offered as to the prevailing rate for comparable legal services in the relevant community, which is generally the forum in which the district court sits. *Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir. 2000).  Presuming an award of attorneys' fees is appropriate under Section 1447(c) – a finding the court has not yet made – there is insufficient evidence in any event to make a lodestar calculation.  *See Beauford v. E.W.H. Grp. Inc.*, No. 1:09-cv-00066-AWI-SMS, 2009 WL 3162249, at *6 (E.D. Cal. Sept. 29, 2009) (denying fee requests for work of associate and paralegal under Section 1447(c) because the plaintiff did not produce evidence of hourly rates prevailing in the relevant community).[1]

///
///
///
///
///
///

---

[1] As evidence of the reasonableness of the rates requested, Plaintiff offers the declaration of Dan E. Chambers, Esq., who states that, "[i]n my experience, the rates charged by each of the attorneys who worked on this Motion are reasonable and customary for attorneys with commensurate experience and qualifications providing similar services in the Los Angeles/Orange County area." (Doc. 17, ¶ 12.)  However, as the court noted in *Beauford*, "[t]his Court sits in the Eastern District of California–Fresno Division, it does not sit in San Francisco, Los Angeles [or] San Diego . . . [t]he information . . . as to rates charged by attorneys outside of the Eastern District–Fresno Division as well as the citations to cases from outside the Eastern District–Fresno Division" are irrelevant.  2009 WL 3162249, at *4.

### III.     CONCLUSION AND ORDER

Accordingly, **within 10 days from the date of this order**, Plaintiff *may* supplement its request for attorneys' fees under Section 1447(c) with evidence of the hourly rates prevailing in this community, and the Court will consider that evidence in evaluating Plaintiff's request for attorneys' fees.

IT IS SO ORDERED.

Dated:   **June 29, 2012**                                    /s/ Sheila K. Oberto
                                                           UNITED STATES MAGISTRATE JUDGE