# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MFC TWIN BUILDERS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>HENRY DOLOSO FAJARDO; JK DENTAL CLINIC; and DOES 1-10, inclusive,<br><br>          Defendants.<br>_____/ | CASE NO. 1:12-cv-00219-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(c) BE GRANTED**<br><br>**(Doc. No. 7)**<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 BE GRANTED**<br><br>**(Doc. No. 12)**<br><br>**OBJECTIONS DUE:     14 DAYS** |

## I.     INTRODUCTION

On February 14, 2012, Defendants Henry Doloso Fajardo ("Fajardo") and JK Dental Clinic (collectively, "Defendants") removed this matter from the Fresno County Superior Court to the U.S. District Court for the Eastern District of California. (Doc. 1.) On March 14, 2012, Plaintiff MFC Twin Builders, LLC ("Plaintiff") filed a motion to remand the case to state court. (Doc. 6.) Together with the motion to remand, Plaintiff also filed a request for an award of costs and fees pursuant to 28 U.S.C. § 1447(c). (Doc. 7.) On April 10, 2012, Plaintiff filed a motion for sanctions pursuant to Rule 11. (Doc. 12.) On April 18, 2012, Defendants filed an opposition to Plaintiff's motion to

remand. (Doc. 14.) Plaintiff filed a reply to the opposition on April 25, 2012. (Doc. 16.) Defendants did not file an opposition to Plaintiff's motion for sanctions. The undersigned recommended that the district court remand the action for lack of subject matter jurisdiction, noting that if the district court remanded the action, further recommendations regarding attorneys' fees and sanctions would be issued. (Doc. 20.) The underlying matter was remanded by the district court on May 29, 2012. (Doc. 25.)

The Court issued an order on July 2, 2012, permitting Plaintiff to file supplemental information in support of its request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). Plaintiff filed a supplemental brief on July 9, 2012. (Doc. 28.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motions for costs and fees pursuant to 28 U.S.C. § 1447(c) and for sanctions pursuant to Federal Rule of Civil Procedure 11 be GRANTED.

## II.   BACKGROUND

On February 6, 2012, Plaintiff filed a verified complaint in the Superior Court of California, County of Fresno, asserting a claim for unlawful detainer against Defendants. (Doc. 1, p. 10-16.) The complaint alleges that, on December 12, 2008, Fajardo executed a "Construction Collateral Deed of Trust" ("deed of trust") conveying the property located at 2100 E. Clinton Avenue, Fresno, California ("Property") to secure payment of a promissory note made by JP Unlimited LLC ("JP"), in the amount of $1,300,000.00, payable to Metro Funding Corporation ("Metro"). (Doc. 1, p. 11, ¶ 7.) On December 15, 2008, Metro recorded an assignment of its interests under the deed of trust to MFC Funding, LLC. (Doc. 1, p. 11, ¶ 8.)

JP subsequently defaulted on the loan and, on January 26, 2010, MFC Funding, LLC recorded a notice of default and election to sell under the deed of trust. (Doc. 1, p. 12, ¶ 9.) On February 14, 2011, Metro made a second assignment of its interests in the deed of trust to MFC Funding, LLC. (Doc. 1, p. 12, ¶ 10.) MFC Funding, LLC then recorded an assignment of its interests under the deed of trust to MFC Real Estate, LLC, on February 15, 2011. (Doc. 1, p. 12, ¶ 11.) Notice was given on March 23, 2011, that the Property was scheduled to be sold at public auction on April 20, 2011. (Doc. 1, p. 12, ¶ 12.)

On April 19, 2011, Fajardo filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of California ("Bankruptcy Court"). (Doc. 1, p. 12-13, ¶ 13.) The trustee's sale was postponed until June 1, 2011. (Doc. 1, p. 13, ¶ 14.) On May 25, 2011, the Bankruptcy Court issued an order dismissing Fajardo's bankruptcy petition for failure to timely file documents, among other things. (Doc. 1, p. 13, ¶ 15; *see also* Doc. 8-1, p. 2.)[1] Fajardo filed a second Chapter 11 bankruptcy petition on May 31, 2011, again postponing the trustee's sale, which was subsequently rescheduled for August 24, 2011. (Doc. 1, p. 13, ¶ 16-18.)

On July 28, 2011, the Bankruptcy Court entered an order granting MFC Real Estate, LLC relief from the automatic stay relating to Fajardo's second bankruptcy petition. (Doc. 1, p. 13, ¶ 19.) The Bankruptcy Court found that the filing of the bankruptcy petition was "part of a scheme to delay, hinder, and defraud creditors that involved multiple bankruptcy filings affecting the Property." (Doc. 1, p. 13, ¶ 19; *see also* Doc. 18-4, p. 5.)

The Property was sold to Plaintiff at the trustee's sale on August 24, 2011. (Doc. 1, p. 13, ¶ 20.) On August 26, 2011, MFC Real Estate, LLC recorded an assignment of its interest under the deed of trust to Plaintiff. (Doc. 1, p. 84, Exhibit I; *see also* Doc. 18-4, p. 9.) Plaintiff alleges that Defendants, who were not tenants, but prior owners of the Property, were in possession of the Property at the time of the sale, and subsequently remained in possession. (Doc. 1, p. 14, ¶ 22.) The Bankruptcy Court dismissed Defendant Fajardo's second bankruptcy petition on September 23, 2011. (Doc. 8-1, p. 5.)

On October 28, 2011, Plaintiff served Defendants with written notice to quit the premises. (Doc. 1, p. 14, ¶ 23.) Defendants failed to vacate the Property by November 1, 2011, as required by the notice to quit. (Doc. 1, p. 14, ¶ 24.) On the day Defendants were served with the notice to quit, Fajardo filed a new Chapter 13 bankruptcy petition in the Bankruptcy Court. (Doc. 1, p. 14, ¶ 25.) On December 16, 2011, the Bankruptcy Court entered an order confirming that the automatic stay

---

[1] Plaintiff submitted requests for judicial notice in support of its motion to remand on March 14, and April 25, 2012. (Doc. 8; Doc. 18.) The Court recommended that both unopposed requests be granted. (Doc. 20.) Chief District Judge Anthony W. Ishii adopted these findings and recommendations on May 29, 2012, granting Plaintiff's requests for judicial notice. (Doc. 25.) Thus, these documents are now part of the record in these proceedings. *See Coleman v. Schwarzenegger*, Nos. CIV S-90-0520 LKK JFM P, C01-1351 TEH, 2009 WL 2407404, at *3 (E.D. Cal. Aug. 4, 2009).

was not in effect as to Fajardo's third bankruptcy petition. (Doc. 1, p. 14, ¶ 26; *see also* Doc 18-4, p. 19.) The Bankruptcy Court dismissed this petition on January 22, 2012. (Doc. 8-1, p. 7.)

During this time, Defendant Fajardo also filed three successive complaints against Plaintiff, which were all dismissed, alleging violations of state law regarding the loan and foreclosure. (Doc. 8-2.)

On February 6, 2012, Plaintiff filed an unlawful detainer action in Fresno County Superior Court against Defendants, seeking the reasonable rental value of the Property from August 26, 2011. The caption of the complaint designates the matter as a limited jurisdiction civil case with an amount in controversy not exceeding $25,000. (Doc. 1, p. 10.)

Defendants filed no response to Plaintiff's complaint in state court. (*See* Doc. 9-1, ¶ 3.) On February 14, 2012, Defendants filed a notice of removal with this Court. (Doc. 1.) Defendants filed no response to this complaint following its removal to federal court. Defendant Fajardo filed a separate action with this Court, *Fajardo, et al. v. Ross, et al.*, Case No. 1:12-cv-00217-AWI-DLB (E.D. Cal. filed Feb. 13, 2012), alleging violations of state and federal law regarding the Property at issue in this case. (Doc. 8-3.)[2]

On March 14, 2012, Plaintiff filed a motion to remand and requested that this court enter defaults as to both Defendants. (Docs. 6, 9.) On April 10, 2012, Plaintiff filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (Doc. 12.) Fajardo filed an opposition to Plaintiff's motion to remand on April 18, 2012. (Doc. 14.) Plaintiff filed a reply on April 25, 2012. (Doc. 16.) Plaintiff indicated a total of $9,384.00 in attorneys' fees for the motion to remand and anticipated an additional $1,040.00 in fees to prepare for and attend the hearing on the motion. (Doc. 17, p. 2, ¶ 9.) Plaintiff also anticipated incurring $542.79 in travel fees for Plaintiff's counsel to attend the hearing, for a total of $10,966.79 in costs and fees incurred from filing the motion. (Doc. 17, p. 3, ¶¶ 13.) Defendants filed no opposition to Plaintiff's Rule 11 motion.

The Court determined that Plaintiff's motions were suitable for decision without oral argument, and on May 9, 2012, issued Findings and Recommendations that Plaintiff's requests for

---

[2] Although *Fajardo, et al. v. Ross, et al.*, No. 1:12-cv-00217-AWI-DLB was opened on February 13, 2012, the complaint was improperly filed and was subsequently refiled on February 14, 2012.

4

judicial notice, motion for remand, and request for entry of Defendants' defaults be granted. (Doc. 20.)

On May 14, 2012, Defendant Fajardo filed obejctions to the Findings and Recommendations. (Doc. 21.) Plaintiff filed a response to Fajardo's objections on May 17, 2012. (Doc. 24.) That same day, Defendant Fajardo filed an ex parte motion to reconsider the Findings and Recommendations and requested a temporary restraining order enjoining Plaintiff from evicting Fajardo from the Property. (Doc. 22.) On May 29, 2012, Chief District Judge Anthony W. Ishii granted Plaintiff's requests for judicial notice, Plaintiff's motion for remand, and denied Defendants' motion for reconsideration and request for temporary restraining order. (Doc. 25.)

On July 2, 2012, the Court issued an order permitting Plaintiff to file a supplemental brief in support of its request for attorneys' fees under Section 1447(c). (Doc. 27.) Plaintiff filed its supplemental brief on July 9, 2012. (Doc. 28.)

### III.   DISCUSSION

**A.   Plaintiff's Request for Costs and Fees Under 28 U.S.C. § 1447(c)**

Although the underlying case has been remanded to state court, the district court retains jurisdiction to issue orders related to collateral matters, such as attorneys' fees. *Rutledge v. Seyfarth, Saw, Fairweather & Geraldson*, 201 F.3d 1212, 1215 (9th Cir. 2000), *as modified*, 208 F.3d 1170 (9th Cir. 2000); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d, 443, 445 (9th Cir. 1992).

**1.   Legal Standard**

Under 28 U.S.C. § 1447(c), a district court remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, attorneys' fees are not to be granted or denied as a matter of course. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Thus, the standard for awarding fees turns on the "reasonableness of the attempted removal, not a showing of bad faith, and an award of fees is intended as reimbursement for unnecessary litigation costs, not a punitive measure." *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446-47 (9th Cir. 1992). While it is within the district court's

discretion to consider whether unusual circumstances warrant departure from this general rule, the reasons for such departure should be faithful to Congress' "desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining [a defendant's] right to remove as a general matter." *Martin*, 546 U.S at 140.

### 2. Analysis

Defendants offered no reasonable basis for removal of the state court unlawful detainer action. Case law unequivocally establishes that a state law claim for unlawful detainer does not present a federal question. *See, e.g., U.S. Bank Nat'l Ass'n v. Tyler*, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (holding that a single claim for unlawful detainer under state law did not provide a basis for federal-question jurisdiction); *OneWest Bank FSB v. Ignacio*, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); *HSBC Bank, N.A. v. Bryant*, No. 09-cv-01659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

Defendants asserted that Plaintiff's unlawful detainer complaint was related to another action filed by Defendants and pending in this district, i.e., *Fajardo, et al. v. Ross, et al.*, Case No. 1:12-cv-00217-AWI-DLB, and that the court had federal-question jurisdiction over this action by virtue of the relationship between the two cases. Courts have expressly and clearly rejected attempts to remove actions based on the relationship of the civil action to be removed and another separate action already pending in federal court. *See, e.g., U.S. Bank Nat'l Ass'n v. Lasoff*, No. CV 10-00235-MMM (Rcx), 2010 WL 669239, at * 2 (C.D. Cal. Feb. 23, 2010) (finding no federal-question jurisdiction over removed unlawful detainer complaint based on relationship to a federal action instituted by removing defendant); *Cooper v. Washington Mut. Bank*, No. C03-554 VRW, 2003 WL 1563999, at * 1 (N.D. Cal. Mar. 19, 2003) (rejecting argument that subject-matter jurisdiction over unlawful detainer action existed because it was related to a different federal action instituted by removing defendants); *Chase v. Auerbach*, No. Civ. A. 94-5892, 1994 WL 590588, at *2 (E.D. Pa. Oct. 26, 1994) ("[a] District court is not, however, endowed with jurisdiction to hear a case on removal merely because . . . a related case is pending in federal court." (internal quotation marks and

1  citations omitted)); *Gardner v. Clark Oil & Refining Corp.*, 383 F. Supp. 151, 154 (D.C. Wis. 1974)
2  (same).
3     This is because the propriety of removal is determined solely on the basis of pleadings filed
4  in state court, and the focus is on "the complaint at the time the removal was filed." *Libhart v. Santa*
5  *Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979); *see also California ex rel. Lockyer v.*
6  *Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (the federal question "must be disclosed upon the
7  face of the complaint, unaided by the answer or by the petition for removal").  In other words,
8  removal jurisdiction is predicated on whether the district court has original jurisdiction over the
9  action, not whether it is related to an action over which the court has original jurisdiction. 28 U.S.C.
10  § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United
11  States have original jurisdiction, may be removed by the defendant or the defendants . . . . ").
12     The lack of legal authority supporting the removal in this case is even more apparent when
13  considering Defendants' opposition to Plaintiff's motion to remand.  In Defendants' notice of
14  removal, Defendants seemingly attempted to invoke jurisdiction on federal-question grounds by
15  virtue of the relationship to *Fajardo, et al. v. Ross, et al.*, Case No. 1:12-cv-00217-AWI-DLB. (*See*
16  Doc. 1, ¶¶ 8-9.) In its motion to remand, Plaintiff asserted that there was neither federal-question
17  jurisdiction nor diversity jurisdiction over Plaintiff's complaint for unlawful detainer. (Doc. 7, p. 4-
18  6).  In opposing Plaintiff's motion, Defendants asserted that there was complete diversity of the
19  parties and the amount in controversy was greater than $75,000.  The existence of federal-question
20  jurisdiction, which was the jurisdictional predicate for Defendants' removal, was not discussed in
21  Defendants' opposition. (Doc. 14.) The entire legal argument offered by Defendants in opposing
22  the motion to remand is as follows:

23  1. Complete diversity between the parties exists and 2) the amount in controversy exceeds $75000.00.
24    a) In their moving papers Plaintiff MFC was arguing without impunity "defendants among themselves have to be diverse" See their motion
25     to remand [Page 4, Line 23 to 28 and page 5 Line 1 to line 5.] Obviously Counsel for Plaintiff is deliberately trying to pull a fast one
26     on the Court.

27  Here is the law and as it applies to diversity of citizenship[:]
28

> "Diversity jurisdiction requires that **Plaintiff and Defendant** be of different citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332.
>
> In our case Plaintiff is a citizen of Delaware; and the defendants are Henry Fajardo and JK Dental Clinic are from California; therefore complete diversity of citizenship between the parties exists.
>
> b)   The amount in controversy is over $75000.00.
> Plaintiff is suing Henry Fajardo for possession of his property, the value of the property and the clinic exceeds $75000.00
>
> Since there is "complete" diversity between the parties in our case, and the amount in controversy is over a possession of a building worth more than $75000.00; therefore the Federal Court should exercise diversity Jurisdiction pursuant to Strawbridge v. Curtis 7 US. (3 Cranch) 267 (1806); 28 U.S.C. § 1332(a).

(Doc. 14, 2:19-3:11.)

This is not an objectively reasonable basis for removal on two grounds. First, Section 1441 unambiguously precludes removal jurisdiction on the basis of diversity where a defendant is a citizen of the State in which the action was brought. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (Section "1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"). In their opposition to Plaintiff's motion, Defendants expressly asserted that they are citizens of California for purposes of diversity. (Doc. 14, ¶ 1(a).) This precludes Defendants from removing this action on the basis of diversity jurisdiction pursuant to Section 1332(a).

Second, Defendants' assertion that Court has diversity jurisdiction was set out in Defendants' opposition to the motion to remand and not in the original removal notice. Thus, even assuming diversity jurisdiction could be exercised, a party may not introduce "a completely separate and distinct ground" for the Court's jurisdiction in its opposition to a motion to remand which was not included in the original removal notice. *See Smiley v. Citibank (S.D.), N.A.*, 863 F. Supp. 1156, 1161 (C.D. Cal. 1993).

In sum, there was no objectively reasonable basis to remove the state law unlawful detainer action because the applicable law "clearly foreclosed" Defendants' arguments for removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Therefore, the Court finds that Plaintiff should be awarded attorneys' fees under Section 1447(c), as discussed below.

### 3. Lodestar/Multiplier Approach

An award of reasonable attorneys' fees is determined by the hybrid lodestar/multiplier approach. *See Van Gerwen v. Guaranteed Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). First, the court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* The party seeking the fees bears the burden of providing evidence supporting the hours worked and the rates claimed. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *abrogated on other grounds by Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). The court may exclude hours that are excessive, redundant, or otherwise unnecessary, and may determine a reasonable hourly rate "considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). In rare and exceptional cases, the district court may adjust the presumptively reasonable lodestar amount upward or downward using a "multiplier" based on factors not included in the initial lodestar calculation. *Van Gerwen*, 214 F.3d at 1045 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (setting forth twelve factors to consider in determining reasonable attorney's fees).

#### a. Hours Reasonably Expended

Plaintiff's counsel asserts that 44.2 hours were spent resisting Defendants' removal of the case. (Doc. 28, 8:4-8.) Specifically, Matthew So, Esq., spent 40.1 hours, and Dan Chambers, Esq., spent 4.1 hours on "the February letter, Motion to Remand and its supporting documents, Reply in Support Thereof, and Reply to Defendants' Objections to [the Court's] Findings and Recommendations." (*Id.*) Defendants did not oppose Plaintiff's request for attorneys' fees pursuant to Section 1447(c). Plaintiff's counsel also spent 19.6 hours preparing the supplemental brief on fees and costs filed July 9, 2012. (Doc. 28, 8:9-12.) Specifically, Mr. So spent 19.1 hours and Mr.

9

Chambers spent 0.5 hours preparing the supplemental brief. (Doc. 28, 8:9-12.) In total, Plaintiff's counsel asserts that 63.8 hours were spent on the motion for remand and the supplemental brief. (Doc. 28, 8:11-12.)

The Court has reviewed the invoices provided by Plaintiff in support of the request for fees under Section 1447(c), (Doc. 28-1, Exh. 2), and finds that the 0.4 hours of Mr. So's time expended in a "meet and confer" session on April 17, 2012, to discuss Plaintiff's overall strategy to regain possession of the property at issue should not be awarded. (Doc. 28-1, p. 16.) This "meet and confer" session appears only tangentially related to Plaintiff's motion because it was conducted after the motion was filed. Further, counsel's strategy with regard to the unlawful detainer action and the Property at issue has no bearing on the district court's jurisdiction, which was at issue for purposes of this motion. As such, this 0.4 hours should not be awarded.

Further, expending 40.1 hours on a relatively short motion, a reply brief, and supporting materials in an action where the case law is clear and the issues are not complicated is excessive. For example, the opposition brief filed by Defendants was extremely short and did not provide any compelling argument that required an extensive response or raise new merits issues that had not already been discussed in Plaintiff's motion; as a result, the reply brief was duplicative of the argument contained in the original motion. Yet, Mr. So's time expended on the reply brief (exclusive of time spent on supporting documents) totaled approximately 15.1 hours,[3] while the time spent on the motion to remand itself (exclusive of time spent on supporting documents) totaled approximately 7.8 hours.[4] To account for the duplicative nature of the reply brief and the issues addressed in response to Defendant's opposition, ten (10) hours of Mr. So's time spent on the reply brief should be deducted as duplicative and excessive. *See Chalmers*, 796 F.2d at 1210 (the court may adjust

---

[3] In Plaintiff's counsel's billing records, there are 16 time entries by Mr. So from April 18, 2012, through April 25, 2012, that total 15.1 hours of time spent researching or drafting the reply brief; this does not include time spent drafting supporting documents. (*See* Doc. 28-1, p. 16-17.)

[4] In Plaintiff's counsel's billing records, there are six time entries by Mr. So from March 7, 2012, through March 14, 2012, that total 7.8 hours of time spent researching or drafting the motion to remand; this does not include time spent drafting supporting documents. (*See* doc. 28-1, p. 11-12.)

requested hours downward if it finds documentation inadequate, or the hours to be duplicative, excessive, or unnecessary). In total, the Court recommends that 10.4 hours of Mr. So's requested time be deducted as excessive and duplicative.

As it pertains to the time expended on the supplemental brief in support of the fee award, the Court finds the 19.6 hours to be excessive. Because Plaintiff's original fee request failed to include sufficient information for the Court to make an appropriate lodestar calculation, the supplemental brief functioned solely as a curative measure. (*See* Doc. 27, p. 2 (citing *Beauford v. E.W.H. Grp. Inc.*, No. 1:09-cv-00066-AWI-SMS, 2009 WL 3162249, at *6 (E.D. Cal. Sept. 29, 2009) (denying fee requests for work of associate and paralegal under Section 1447(c) because the plaintiff did not produce evidence of hourly rates prevailing in the relevant community).)

While Plaintiff may be awarded attorneys' fees for time spent on a motion for fees (so-called "fees-on-fees" awards), *see Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008), the time expended in supplying additional authority to support the amount of the hourly rates requested was excessive. This is particularly so because the time spent on the supplemental brief (19.6 hours) represents half the hours that counsel expended on the entire motion for remand and the reply brief (44.2 hours). While this does not mandate a reduction of hours, the opportunity to supplement the motion was to provide the Court with adequate information as to reasonable hourly rates in this forum, which reasonably should not have required 19.6 hours of time. Also, the supplemental brief provides argument that Plaintiff is entitled to fees under Section 1447(c) and that Rule 11 sanctions should be issued, but those arguments are duplicative of Plaintiff's original request for fees and its motion for sanctions and do not relate to evidence of the reasonableness of the requested hourly rates.

In sum, the time spent on the supplemental brief related to attorneys' fees is excessive in relation to the time spent litigating the merits, i.e., the jurisdictional issue. The undersigned recommends that the district court exercise its discretion and award two (2) hours for work performed by Mr. So, and 0.5 hours for work performed by Mr. Chambers on the supplemental brief. *See Martin*, 546 U.S. 132, 139 (an award of attorneys fees and costs under Section 1447(c) "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales").

**b.     Reasonable Hourly Rate**

The determination of a reasonable hourly rate should be calculated according to the "prevailing market rates in the relevant community," with reference to the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895. The rate is not set by reference to rates actually charged by the prevailing party. *Chalmers*, 796 F.2d at 1210. Under Ninth Circuit case law, the relevant community is generally the forum in which the district court sits, rather than where the attorney practices. *Mendenhall v. NTSB*, 213 F.3d 464, 471 n.5 (9th Cir. 2000), *overruled on other grounds by Gonzalez v. Az.*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc). Rates outside the forum are permitted under special circumstances, for example "if local counsel was unavailable, either because they are unwilling or unable to perform." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff requests a rate of $375 per hour for Mr. Chambers and $195 per hour for Mr. So. (Doc. 28, 5:15-16, 6:22-23.) Mr. So served as counsel of record in this case, and is a first-year associate with some litigation experience. (Docs. 28, 7:6-9; 28-1, 3:18-25.) The Court finds that $195 per hour is a reasonable rate for an attorney of comparable experience and skill in the Eastern District of California, Fresno Division. *See Winding v. NDEX West, LLC*, No. CV F 10-2026 AWI DLB, 2011 WL 5244335, at *6 (E.D. Cal. Nov. 1, 2011) (finding reasonable a rate of $200 per hour for an attorney with one year of experience).

Mr. Chambers acted as lead counsel in this matter, has over twenty years of experience, and has tried nearly 100 cases in a variety of practice areas. (Docs. 28, 5:16-6:1; 28-1, 3:9-15.) Plaintiff cites a number of cases in support of Mr. Chambers' requested rate, and the Court notes that $375 per hour for "a senior lead attorney" is at the "top of the compensation range for attorneys practicing in the Fresno area." *Luna v. Hoa Trung Vo*, No. CV F 08-1962 AWI SMS, 2011 WL 2078004, at *5 (E.D. Cal. May 25, 2011) (awarding a rate of $375 per hour for attorney with over forty years of experience); *see also*, *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1134 (E.D. Cal. 2011) (awarding rate of $380 per hour for attorney with over thirty years of experience). Nonetheless, based on the absence of any objection from Defendants, and the evidence of Mr. Chambers' more

than twenty years of trial experience, the Court finds that $375 per hour is a reasonable rate for an attorney of comparable experience and skill in the Eastern District of California, Fresno Division.

### c. Hours Expended on Plaintiff's Rule 11 Motion

Plaintiff further requests that the Court include the time Plaintiff's counsel spent on the motion for sanctions under Rule 11 as fees incurred "as a result of the removal." (Doc. 28, p. 4 n.1 (quoting 28 U.S.C. § 1447(c).) However, this proposition, as discussed below, is not in keeping with the Congressional intent underlying Section 1447(c), which contemplates different standards for awarding fees under Section 1447(c) and Rule 11. *Gibson v. Chrysler Corp.* ("*Gibson II*"), 261 F.3d 927, 950 (9th Cir. 2001). Further, a motion for sanctions is not an expense necessarily incurred as a result of a removal, and the Court finds it would be inappropriate to award such fees under Section 1447(c). Thus, the Court recommends that attorneys' fees in connection with the Rule 11 motion not be awarded pursuant to Section1447(c), but instead be analyzed and awarded as set forth below.

### d. Conclusion

For the foregoing reasons, the Court recommends the approval of the following billed hours and rates pursuant to Plaintiff's request for fees under Section 1447(c):

| Attorney | Hourly Rate | Hours | Total Award |
|---|---|---|---|
| Mr. Chambers | $ 375 | 4.6 (4.1 +0.5) | $ 1,725.00 |
| Mr. So | $ 195 | 31.7 (40.1 -10.4) + (19.1-17.1) | $ 6,181.50 |
| | **Total:** | **36.30** | **$ 7,906.50** |

**B.    Plaintiff's Motion for Sanctions Pursuant to Rule 11**

**1.    Legal Standard**

Pursuant to Rule 11(b), an attorney or unrepresented party who presents a written motion, pleading, or other paper to the district court "certifies that to the best of the person's knowledge," it is not presented for any "improper purpose" and the legal contentions are "warranted by existing law." Fed. R. Civ. P. 11(b). A party requesting sanctions under Rule 11 must move separately from any other motion, describe the specific conduct that allegedly violates Rule 11(b), and may not present the motion to the court if the challenged paper or contention is withdrawn within the "safe

13

harbor" period of twenty-one days after the motion is served on the opposing party. *See* Fed. R. Civ. P. 11(c)(2); *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002). The purpose of Rule 11 is to deter baseless filings in the federal court system. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). To fulfill Rule 11's purpose, courts must balance "the desire to avoid abusive use of judicial process and to avoid chilling zealous advocacy." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159-60 (9th Cir. 1987).

An objective standard of reasonableness is applied to determine whether a litigant has met his Rule 11 duties. *See G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). Counsel's subjective belief in the propriety of the pleading is irrelevant in determining if Rule 11 has been violated. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). Under the objective test of reasonableness, the court considers whether "a competent attorney would have a good faith argument for the legal theory advanced after a reasonable inquiry into the facts and the law. *Zaldivar v. City of L.A.*, 780 F.2d 823, 831 (9th Cir. 1986), *abrogated on other grounds*, *Cotter & Gell*, 496 U.S. at 399. The fact that an attorney may have conducted a reasonable amount of legal research does not satisfy the requirements of Rule 11 if the conclusion drawn from the research is itself indefensible. *Zaldivar*, 780 F.2d at 831.

A party's request for costs and fees pursuant to a remand order under 28 U.S.C. § 1447(c) will not preclude a request for sanctions under Rule 11. *See Gibson v. Chrysler Corp.* ("*Gibson I*"), 1999 WL 1049572 (N.D. Cal. 1999) (awarding fees under both § 1447(c) and Rule 11), *rev'd in part by Gibson II*, 261 F.3d at 950 (affirming § 1447(c) fees and reversing Rule 11 sanctions). In *Gibson II*, the Ninth Circuit clarified that its reversal of the sanctions was based on the different standards for awarding fees under § 1447(c) and Rule 11, noting that "[t]he standard for awarding attorneys' fees under § 1447(c) is something less than that required for an award of attorney's fees under Rule 11." *Gibson II*, 261 F.3d at 950. Notably, the court's reversal in *Gibson* was not predicated on a proposition that an award of Section 1447(c) attorneys' fees precluded the imposition of Rule 11 sanctions. Further, the legislative history of Section 1447(c) does not indicate a Congressional intent to limit parties to sanctions under only one provision. *See* H.R. 100-889, 100th Cong. § 1009 (1988) ("[S]ection 1447(c) will ensure that a substantive basis exists for requiring payment of actual

expenses incurred in resisting an improper removal; civil rule 11 can be used to impose a more severe sanction when appropriate.").

**2.     Analysis**

Plaintiff asserts that Defendants' notice of removal is "patently improper" because it is just another "bad faith maneuver and abuse of the court process," and there is no federal subject matter jurisdiction over this action. (Doc. 13, 3:17-21.) Plaintiff argues that Defendants lacked an "objectively reasonable basis" to believe that diversity or federal jurisdiction existed in this matter. (Doc. 13, 5:4-6.)

Defendants were made aware of the existing legal authority through Plaintiff's February 29, 2012, letter to Defendants' counsel, Lotfy Mrich, Esq. (Doc. 28-1, p. 6-8, Exh. 1.) This letter informed Mr. Mrich of the contravening authority and requested that Defendants stipulate to a remand of the case to state court. (*Id.* at 7.) As required by Rule 11(c)(2), Plaintiff's counsel served Defendants with this letter on February 29, 2012, and Mr. Mrich did not respond or otherwise correct the asserted violation within the 21-day safe harbor period allotted under the rule. (Doc. 28, 2:13-14.) On April 10, 2012, Plaintiff filed the pending motion for sanctions. (Doc. 12.) Defendants did not file an opposition.

Given the well-settled law regarding the jurisdiction of federal courts, there was no objectively reasonable basis for Mr. Mrich to file the removal notice on Defendants' behalf. The power to remove an action falling within the district court's original jurisdiction is limited by the well-established proposition that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's complaint presented no federal question because it contained only a state law claim for unlawful detainer.

Further, the fact that Mr. Mrich asserted an entirely new jurisdictional basis in filing Defendants' brief in opposition to the motion to remand – abandoning the invocation of jurisdiction of federal question grounds – provides further evidence of the frivolity of the removal attempt in this case. Moreover, the opposition itself lacked any argument that was warranted by existing law, as

diversity jurisdiction was clearly foreclosed by Section 1441(b)(2). Rule 11 sanctions are warranted where the "legal theory underlying the removal so lacked an arguable basis in law that it was objectively unreasonable for counsel to rely upon it." *Matter of Pozsga*, 158 F.R.D. 435, 437 (D. Ariz. 1994).

In light of existing case law and the clear language of Section 1441(b)(2), the Court finds that Mr. Mrich did not have a reasonable basis under existing law, or a reasonable argument to extend existing law, to assert that there was federal subject matter jurisdiction over this unlawful detainer action. For the foregoing reasons, the Court recommends that Mr. Mrich be sanctioned under Rule 11(c)(2) for removal of this action from state court.

Plaintiff asserts that a total of 11.9 hours were spent on the motion for sanctions by its counsel. (Doc. 28, 9:10.) Specifically, Mr. Chambers spent 0.5 hours, and Mr. So spent 11.4 hours preparing this motion. (Docs. 28, 9:11; 28-1, 4:11-14, Exh. 2.) Plaintiff urges to the Court to award all of its reasonable attorneys' fees as a Rule 11 sanction. Rule 11 provides the following with regard to the nature of the sanction permitted:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). In other words, the nature of the sanction should be in an amount that deters similar future conduct, and is not intended as a method of compensating the movant for expenses incurred in bringing the Rule 11 motion. The Court finds that the $2,410.50 requested by Plaintiff as a Rule 11 sanction is beyond that which is necessary to deter Mr. Mrich and others similarly situated from such conduct in the future. Rather, $999 is an appropriate sanction to adequately deter similar future conduct. *See Matter of Pozsga*, 158 F.R.D. at 439. Thus, the undersigned recommends that Mr. Mrich be ordered to pay a portion of Plaintiff's attorney's fees in the amount of $999.

To the extent Plaintiff seeks sanctions against Defendants directly, Rule 11(c)(5)(A) expressly prohibits the Court from imposing monetary sanctions against represented parties for

violating Rule 11(b)(2).  It is, therefore, recommended that Plaintiff's request for Rule 11 sanctions against Defendants, who are represented by counsel, be denied.

### IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for attorneys' fees pursuant to 28 U.S.C. § 1447(c) BE GRANTED in the amount of $7,906.50 against Defendants Henry Doloso Fajardo and JK Dental Clinic jointly and severally; and

2. Plaintiff's motion for sanctions pursuant to Rule 11(b) against Defendants' counsel Lotfy Mrich BE GRANTED in the amount of $999, payable within 30 days to Plaintiff's counsel; and

3. Plaintiff's motion for sanctions pursuant to Rule 11(b) against Defendants Henry Doloso Fajardo and JK Dental Clinic BE DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any responses to objections shall be filed and served on all parties within fourteen (14) days after service of the objections.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 4, 2012**                     /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE